UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| REGINALD DAVIS PEOPLES, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NINE ENERGY SERVICE, INC; § <br> Dispatch HAPPY LOPEZ, individually § <br> and in her official capacity; Supervisor § <br> BRETT BLANKENSHIP, individually and § <br> in his official capacity; Manager PHILLIP § <br> STEINMETZ, individually and in his § <br> official capacity, § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:23-CV-655 |

## NOTICE OF REMOVAL

Defendants, Nine Energy Service, Inc. ("Nine Energy" or "Defendant"), Brett Blankenship, and Happy Lopez (collectively the "Removing Defendants"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, file this Notice of Removal of the civil action entitled *Reginald Davis Peoples v. Nine Energy Service, Inc.; Dispatch Happy Lopez, individually and in her official capacity; Supervisor Brett Blankenship, individually and in his official capacity; Manager Phillip Steinmetz, individually and in his official capacity,* bearing Case No. 23-04-0265-CVA, from the 81st/218th Judicial District Court, Atascosa County, Texas, to the San Antonio Division of the United States District Court for the Western District of Texas.

### I.   PROCEDURAL BACKGROUND

1. On April 13, 2023, Plaintiff Reginald Davis Peoples ("Plaintiff") filed a civil action entitled *Reginald Davis Peoples v. Nine Energy Service, Inc.; Dispatch Happy Lopez, individually and in her official capacity; Supervisor Brett Blankenship, individually and in his official capacity; Manager Phillip Steinmetz, individually and in his official capacity,* in the 81st/218th Judicial

{B1257945.1}
1

District Court, Atascosa County, Texas, bearing Case No. 23-04-0265-CVA (the "State Court Action"). *See* **Exhibit 1**, Plaintiff's Original Complaint ("Complaint").[1]

2. Nine Energy was served with the Citation and Complaint, through its registered agent, CT Corporation System, on May 11, 2021. *See* **Exhibit 2**, the Service-of-Process Transmittal from CT Corporation System to Nine Energy.

3. Happy Lopez was personally served with the Citation and Complaint on May 2, 2023.

4. Bret Blankenship was personally served with the Citation and Complaint on May 2, 2023.

5. The Removing Defendants have performed proper due diligence to ascertain the status of service upon defendant Phillip Steinmetz and, as of the time of removal, no return of service has been filed into the record.

6. All of the defendants who have been properly joined[2] and served—the Removing Defendants—consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

7. Removal is timely because the Notice of Removal has been filed within thirty days of each of the Removing Defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1).

8. The Texas rules require that citation, once served upon the defendant, be returned to the court. *See* Tex. R. Civ. Proc. 107 and 105.

---

[1] The complaint incorrectly states that the Complaint was filed on April 10, 2023. However, the record of the action in the 81st/218th District Court reflects that the Complaint was not filed on April 13, 2023.

[2] By making this representation for removal consent purposes, the Removing Defendants do not concede that they are proper parties to this lawsuit for all of the claims asserted or that Plaintiff has stated a claim against them. The Removing Defendants do not waive but instead expressly reserve all substantive and procedural defenses to the claims asserted against them.

{B1257945.1}

9.      As such, all parties who have been joined and served have consented to this removal.

10.     Pursuant to 28 U.S.C. § 1446(d), a notice with a copy of this Notice of Removal is also being filed with the Clerk of Court for the 81st/218th Judicial District, Atascosa County, Texas, and served upon the Plaintiff on the same day this Notice of Removal is filed.

## II.    BASIS FOR REMOVAL: FEDERAL QUESTION

11.     This Court has jurisdiction over this case because Plaintiff asserts claims arising under federal law. A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court.[3] Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the Unites States.[4] Additionally, a case arises under 28 U.S.C. § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[5]

12.     This action arises under and presents a question of federal law thereby giving this Court jurisdiction. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), Surface Transportation Assistance Act 49 U.S.C. § 31105 ("STAA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Plaintiff also alleges employment discrimination violations under Tex. Lab. Code § 21. Pursuant to 28 U.S.C. §

---

[3] 28 U.S.C. § 1441(a).
[4] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[5] *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Removing Defendants do not concede that Plaintiff's Complaint satisfies the pleading requirements or properly states the claims asserted under the Federal Rules of Civil Procedure, but notes that the Complaint expressly cites federal statutes and purports to assert federal claims against them.

1367(a), this Court has supplemental jurisdiction over this state law claim because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution. Accordingly, removal of this entire case is proper under 28 U.S.C. § 1441(c).

### III. VENUE

13. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124 because this district embraces the Atascosa County 81st/218th District Courts, the forum in which the State Court Action was pending.

### IV. ADDITIONAL REQUIREMENTS

14. Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of all process, pleadings, and orders served upon Defendants. *See* **Exhibit 3**.

15. Written notice of removal will be provided to Plaintiff and filed with the Clerk of the 81st/218th District Courts, Atascosa County, Texas, in accordance with the Federal Rules of Civil Procedure.

16. Therefore, Nine Energy gives notice that the above-referenced action now pending against it in the 81st/218th District Courts, Atascosa County, Texas has been removed to this Court.

Respectfully Submitted,

/s/ *Jennifer L. Anderson*
Jennifer L. Anderson, T.A. (Tx. Bar No. 24047796)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
450 Laurel Street, 21st Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7020
Fax: (225) 343-3612
jlanderson@bakerdonelson.com

*Counsel for Defendants, Nine Energy Service, Inc.,
Bret Blankenship, and Happy Lopez*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been electronically filed in the Court's CM/ECF system and has been served by certified mail and email on all counsel of record this 22nd day of May, 2023. A copy has also been filed with the 81st/218th Judicial District, Atascosa County, Texas, on this same date.

/s/ *Jennifer L. Anderson*
Jennifer L. Anderson