Filed 4/13/2023 6:38 PM
Margaret E. Littleton
District Clerk
Atascosa County, Texas
Reviewed By: Andrea Villalobos

CAUSE NO.: 23-04-0265-CVA

| | | |
|---|---|---|
| **REGINALD DAVIS PEOPLES** | § § § | IN THE 81st/218th DISTRICT |
| V. | § § | COURT OF |
| **NINE ENERGY SERVICE, Inc.;** Dispatch **HAPPY LOPEZ**, individually and in her official capacity; Supervisor **BRETT BLANKENSHIP**, individually and in his official capacity; Manager **PHILLIP STEINMETZ**, individually and in his official capacity; | § § § § § § § | ATASCOSA COUNTY, TEXAS |
| | § | (Jury Trial Demanded) |
| | § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, Reginald Davis Peoples, by his attorney, complains of Defendants NINE ENERGY SERVICES, Inc., HAPPY LOPEZ, BRETT BLANKENSHIP, and PHILLIP STEINMETZ as follows:

### STATEMENT OF CLAIMS

1. This is a civil rights complaint for workplace discrimination, retaliation, and termination in violation of Title VII of the Civil Rights

**EXHIBIT 1**

1

Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), Tex. Lab. Code § 21, Surface Transportation Assistance Act 49 U.S.C. §31105 ("STAA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. From August 2022 to November 2022, Plaintiff Reginald Davis Peoples (hereinafter "Mr. Peoples"), was employed as a commercial vehicle operator at Nine Energy Service's Pleasanton, Texas cementing & drilling job site and office. During this time, Mr. Peoples was made the subject of unlawful discrimination, harassment, threats, retaliation, ordered to engage in illegal conduct, wrongfully disciplined, and wrongfully terminated. Among other things, Mr. Peoples was subjected to retaliation for his human resource complaints of Nine Energy Service's unspoken racist policy of offering fewer hours to Black employees compared to similarly situated employees of other races. Most notably, Mr. Peoples was ordered and forced by his employer, Nine Energy Service, to operate 18-wheeler commercial trucks on public highways at night that were known to be defective (transmission and electrical issues causing the truck to uncontrollably drop from 70 to 40 mph), and fired for voicing his fear and apprehension in following those orders.

## JURISDICTION

3. This Court has jurisdiction over Plaintiff's state and federal law claims as provided by Article V, Section 8, of the Texas Constitution, as it is a court of general jurisdiction.

## VENUE

4. Venue is proper under Tex. Civ. Prac. & Rem. Code § 15.002 (a)(1) as all or a substantial amount of the events or omissions giving rise to the complaint took place in Atascosa County, Texas.

## PARTIES

**Plaintiff**

5. Plaintiff REGINALD DAVIS PEOPLES is a resident of San Antonio, Texas. Mr. Peoples sues in his individual capacity. Mr. Peoples is of sound mind, and above 21 years of age. Mr. Peoples worked for Defendant Nine Energy Service from on or about August 8, 2022, until his wrongful termination on or about November 16, 2022.

**Defendants**

6. Defendant NINE ENERGY SERVICE, Inc., hereinafter referred to as "NINE", is a Delaware entity, with headquarters in

Houston, Texas. NINE owns and operates the Pleasanton - Cementing & Drilling outpost where the plaintiff was employed and injured. NINE can be served through their registered agent, C T CORPORATION SYSTEM, which is located at 1999 Bryan Street., Suite 900, Dallas, TX 75201.

7. Defendant HAPPY LOPEZ (hereinafter "Happy"), was a dispatcher for NINE throughout Mr. People's employment with NINE. Lopez was instrumental in creating a hostile work environment and compliant with directives to discriminate against the Plaintiff. She can be found and served at 496 Shale Road, Pleasanton, TX 78064.

8. Defendant BRETT BLANKENSHIP (hereinafter "Brett"), was the Plaintiff's direct supervisor for NINE throughout the plaintiff's employment with NINE. Blankenship was instrumental in creating a hostile work environment by targeting, discriminating, and wrongfully terminating the Plaintiff. He can be found and served at 496 Shale Road, Pleasanton, TX 78064.

9. Defendant PHILLIP STEINMETZ (hereinafter "Phillip"), was the Plaintiff's direct manager for NINE throughout the plaintiff's employment with NINE. Steinmetz was instrumental in creating a hostile work environment by targeting, discriminating, and wrongfully

terminating the Plaintiff. He can be found and served at 496 Shale Road, Pleasanton, TX 78064.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff Reginald Davis Peoples exhausted his administrative remedies at the Texas Workforce Commission (hereinafter "TWFC").

11. The TWFC found reasonable cause to believe violations of Chapter 21 of the Texas Labor Code and Title VII occurred. The TWFC issued Mr. Peoples a Notice of Complainant Right to File a Civil Action, which Ms. Peoples received on February 10, 2023.

12. Further, the United States Equal Employment Opportunity Commission (hereinafter "EEOC") issued Mr. Peoples his Notice of Right to Sue letter on March 2, 2023.

13. Further, the Plaintiff filed complaint number 43854152 with the Occupational Safety and Health Administration (hereinafter "OSHA") on December 8, 2022.

14. This Original Complaint is being filed within 60 days of Mr. Peoples's receipt of the TWFC Notice of Complainant Right to File a Civil Action letter and within 90 days of the EEOC's Notice of Right to Sue letter.

## FACTS

15. Plaintiff Reginal Davis Peoples was hired by Nine Energy Service's Inc. as a commercial vehicle operator at Nine Energy Service's Pleasanton, Texas cementing & drilling job site and office on or about August 9, 2022.

16. As early as September 2022, Dispatch Happy Lopez, a White-Hispanic Female, began commenting to other Black employees that they were getting all "their people" hired. No complaints were made regarding these comments.

17. In early October 2022, Happy and Supervisor Brett Blankenship (White-Anglo Male), began instituting their practice and custom of intentionally giving fewer work hours to Black employees than they gave/give to similarly situated non-Black employees against Mr. Peoples personally. Prior to this, Mr. Peoples weekly hours ranged from 80 to 90 hours per week, but he never received more than 110 hours in a two week period. However, as a result of the discrimination Mr. Peoples's hours dropped to only 60 to 80 hours per week. Meanwhile, similarly situated non-Blacks employees continued getting the standard 150-200 hours as promised upon hire.

18. Upon noticing the drop in his hours, Mr. Peoples began

inquiring with other Black employees to see if they had been experiencing the same thing, and unfortunately, they had all been receiving notably fewer hours than other similarly situated non-Black employees.

19. When Mr. Peoples began to question why he was getting so few hours, Happy and Brett began intentionally mis-scheduling him and communicating contradictory instructions to make him appear unmotivated and unprofessional. As part of their plan, this led to a write-up and 3-day unpaid suspension.

20. Understanding that this was done intentionally, Mr. Peoples filed his first complaint with NINE's human resource department on October 26, 2022.

21. This incited a new pattern of retaliation where Mr. Peoples was called for almost every single job in hopes that he would refuse a job or quit due to the retaliatory workload. During this time, Mr. Peoples was never able to get a full eight-hour break as required under state and federal law.

22. At this time, Manager Phillip Steinmetz (White-Anglo Male) told me that "I [Phillip] don't have time to talk to people who report my people to HR." Happy and Brett, emboldened by their boss's

support, began gossiping and telling others that Mr. Peoples would be fired for the next thing he did.

23. On November 13, 2022, Mr. Peoples reported issues with the semi-truck he was ordered to drive. Service lights were showing major and serious issues with the transmission, and electrical components amongst other issues. After personally observing the mechanic repeatedly reset the truck's computer to bypass the service light, Brett told me "Just take it like that". Due to a very damaged and unsafe transmission, Mr. Peoples was only able to drive the semi-truck at 15 mph and he had to pull the truck over 4-5 times, to restart the truck and all its systems.

24. On November 16, 2022, Mr. Peoples reported that another semi truck to which he was assigned was having serious transmission issues making it extremely unsafe to drive (service engine lights, flashing indicators, randomly dropping speed from 60-70 mph to 40 mph on the freeway at night).

25. Mr. Peoples was forced to pull the truck over as he feared for his life, the life of other travelers, and his professional career. The plaintiff then texted Brett, who sent a roadside technician to his location. Mr. Peoples also called NINE's Head Mechanic Gary to

report the issues and was instructed to keep turning the truck off and on.

26. The roadside mechanic could not get the diagnostic computer to hook up with the truck. Becoming frustrated, the roadside mechanic called Brett, who then called Phillip.

27. Phillip told Mr. Peoples that he has to take the truck because it's, "making him [Phillip] lose money". Mr. Peoples told Phillip it was unsafe to drive at such a slow speed on the freeway at night and that he did not feel it was safe or legal.

28. Phillip told Mr. Peoples, if he felt unsafe then he needed to find a ride back to the shop or walk roughly 15-20 miles back to the shop at 10 o'clock at night. Having been intentionally set up to fail and constructively stranded, Mr. Peoples drove the 18-wheeler to the shop at the risk of human life and his professional license. Phillip then told Mr. Peoples to leave the job site, and he was terminated.

29. Angrily, Phillip threatened Mr. Peoples and taunted him by openly telling other employees that "he [Mr. Peoples] should come tell him [Phillip] to his [Phillip's] face if he had anything to say".

30. Mr. Peoples spoke with NINE's human resources department that night and the next morning, informing them that he did not feel

safe meeting with Brett or Phillip because they were still emotional, confrontational, hostile, and had been physically threatening towards him.

## CLAIMS

### COUNT I
Title VII and Tex. Lab. Code § 21- Discrimination

31. Mr. Peoples realleges the foregoing paragraphs as though fully set forth herein.

32. Mr. Peoples is a member of a protected class on the basis of race, color, and ethnicity as a Black - African American man.

33. Mr. Peoples in all respects was performing his job in a manner that was consistent with NINE's legitimate business expectations.

34. Happy, Brett, Phillip, and NINE have a custom and practice of discriminating against Black - African American employees by scheduling them substantially fewer hours than what was promised upon hire and substantially fewer than non-Black employees.

35. This racist custom and policy was used against Mr. Peoples during his time employed by NINE.

36. These defendants' actions were taken with a willful and wanton disregard for Mr. Peoples' safety and rights under State and Federal law.

37. As a result of these acts, Mr. Peoples suffered substantial economic loss, lost wages, humiliation, mental anguish, and other consequential damages.

## COUNT II
Title VII and Tex. Lab. Code § 21- Retaliation

38. Mr. Peoples realleges the foregoing paragraphs as though fully set forth herein.

39. Mr. Peoples is a member of a protected class on the basis of race, color, and ethnicity as a Black - African American man.

40. Mr. Peoples in all respects, was performing his job in a manner that was consistent with NINE's legitimate business expectations.

41. Mr. Peoples engaged in protected activity when he reported that his hours were being slashed and his reasonable belief that it was being done because of his race, to his superiors and NINE's human resource department.

42. In direct response to Mr. Peoples's excise of this protected activity, Happy, Brett, Phillip, and NINE took adverse action against Mr. Peoples in the form of: imposing a retaliatory workload, and creating conflicting schedules and directives that led to unpaid suspension and discipline. This conduct combined with other allegations herein created a hostile work environment.

43. Further, Happy, Brett, Phillip, and NINE willfully disregarded their own knowledge of the issues and Mr. Peoples's complaints of life-threatening

defects in NINE's commercial vehicles and fired him after he reported the complaint to each of these defendants as superiors.

44. These defendants' actions were taken with a willful and wanton disregard for Mr. Peoples's safety, licensure, and rights under State and Federal law.

45. Each of these defendants knew that it was illegal to operate commercial vehicles on public highways in this condition.

46. As a result of these acts, Mr. Peoples suffered substantial economic loss, lost wages, humiliation, mental anguish, and other consequential damages.

**COUNT III**
Surface Transportation Assistance Act 49 U.S.C. §31105 ("STAA")

47. Mr. Peoples realleges the foregoing paragraphs as though fully set forth herein.

48. Mr. Peoples in all respects, was performing his job in a manner that was consistent with NINE's legitimate business expectations.

49. In direct and immediate response to his complaints that NINE's commercial truck was unsafe to drive and posed a serious risk to his life and the lives of everyone else on the road to his superiors, Mr. Peoples was threatened and fired.

50. These defendants' actions were taken with a willful and wanton disregard for Mr. Peoples's safety, professional licensure, and rights under State and Federal law.

51. As a result of these acts, Mr. Peoples suffered substantial economic loss, lost wages, humiliation, mental anguish, and other consequential damages.

**Count IV**

Section 1981 - Discrimination and Retaliation on the Basis of Race

52. Mr. Peoples realleges the foregoing paragraphs as though fully set forth herein.

53. Mr. Peoples is a member of a protected class on the basis of race, color, and ethnicity as a Black - African American man.

54. Mr. Peoples in all respects, was performing his job in a manner that was consistent with NINE's legitimate business expectations.

55. Happy, Brett, Phillip, and NINE discriminated against Mr. Peoples as described above, including but not limited to harassing him, subjecting him to a hostile work environment, ignoring his complaints of defective commercial vehicles, and firing him for refusing to put his life at risk unnecessarily.

56. Happy, Brett, Phillip, and NINE also retaliated against Mr. Peoples as described above.

57. Happy, Brett, Phillip, and NINE actions were taken with a willful and wanton disregard of Mr. Peoples's rights under Section 1981.

58. As a direct and proximate result of said unlawful employment practices and in disregard for Mr. Peoples's rights and sensibilities, Mr. Peoples has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

59. These defendants' actions were taken with a willful and wanton disregard for Mr. People's safety, licensure, and rights under State and Federal law.

60. As a result of these acts, Mr. Peoples suffered substantial economic loss, lost wages, humiliation, mental anguish, and other consequential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Peoples prays that this Court:

    A. Enter judgment in favor of Mr. Peoples and against the Defendants for violation of Mr. Peoples's Rights under Title VII, the Tex. Lab. Code § 21, STAA, and Section 1981;

    B. Declare that the actions of the Defendant constituted unlawful discrimination;

C. Award Mr. Peoples compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

D. Award Mr. Peoples punitive damages in such amount as the Court deems proper;

E. Award Mr. Peoples her costs, attorneys' fees, and non-taxable expenses in this action;

F. Grant Mr. Peoples such other and further relief as the Court deems equitable and just;

G. Grant injunctive relief in the form of Orders that NINE inspect and repair all vehicles it operates on Texas roadways.

Plaintiff demands a trial by jury.

Respectfully submitted this 10th day of April 2023,

**THE LAW GROUP OF THP, PLLC.**

/s/ *Terry H. Peden*
**TERRY HENDERSON PEDEN**
ATTORNEY FOR THE PLAINTIFF
TX BAR CARD NO: 24123963
P.O. Box 1410
Houston, TX 77251
Phone: 334-544-9471

## CERTIFICATE OF SERVICE

We hereby certify that we have on April 10, 2023, electronically filed the foregoing using the State's prescribed method electronic submission and filing.

Respectfully submitted this the 10th day of April 2023,

THE LAW GROUP OF THP, PLLC.

*/s/ Terry H. Peden*
**TERRY HENDERSON PEDEN**
ATTORNEY FOR THE PLAINTIFF
TX BAR CARD NO: 24123963
P.O. Box 1410
Houston, TX 77251
Phone: 334-544-9471
Fax: +1 334-460-9844
Email: THP@thelawgroupofTHP.com
